# Commonwealth v. Killinger

370

C.P. of Centre County, no. 2003-1339.

*J. Karen Arnold,* for Commonwealth.
*David Crowley,* for defendant.

KISTLER, *J.,* December 31, 2003—Presently before the court is the defendant's omnibus pretrial motion in the form of a motion to dismiss prosecution as unconstitutionally punitive.

## FACTUAL BACKGROUND

(1) Petitioner was on parole in Centre County for a predicate offense[1] under Megan's Law and was required to register an address with the state police and notify them within 10 days of changing the address.

(2) Petitioner's county parole was supervised by Centre County Probation Officer Jeremy Packer.

---

1. Defendant was on parole for the predicate offense of indecent assault, 18 Pa.C.S. §3126(a)(7).

(3) Upon his release from incarceration, petitioner's approved residence was 133 South Allegheny Street in Bellefonte.

(4) On September 23, 2002, petitioner informed Officer Packer that he moved to 321 Bishop Street, Bellefonte, Pennsylvania.

(5) On January 8, 2003, petitioner reported to Officer Packer that he was living at 401-33 Governors Park Road in Bellefonte and had been living there since mid-November.

(6) Officer Packer then contacted the state police, specifically Trooper Sasserman, to inform them that petitioner may be a Megan's Law violator.

(7) On the basis of the information provided by Officer Packer, Trooper Sasserman checked the state police Megan's Law registry which showed no change of address from petitioner's former 133 S. Allegheny Street address.

## PROCEDURAL BACKGROUND

(1) On February 24, 2003, Trooper W. F. Sasserman filed a criminal complaint charging James Robert Killinger, defendant, with violating registration procedures and applicability, 42 Pa.C.S. §9795.2(a)(2)(i).

(2) At the conclusion of the July 2, 2003 preliminary hearing, District Justice Carmine Prestia bound defendant over to the Centre County Court of Common Pleas on the above-stated charge.

(3) On July 23, 2003, the Commonwealth filed criminal information number 2003-1339 in which it charged

defendant with two counts of violating registration procedures and applicability, 42 Pa.C.S. §9795.2 (a)(2)(i). The criminal information charges both offenses as felonies of the third degree.[2]

(4) Defendant filed a petition for writ of habeas corpus on July 3, 2003, challenging the district justice's holding defendant for court alleging that he was improperly bound over to the Centre County Court of Common Pleas on the charges stated above.

(5) By order dated July 3, 2003, the court ordered both parties to submit briefs, and scheduled oral argument/hearing for September 5, 2003.

(6) By opinion and order dated September 10, 2003, this court denied defendant's petition for writ of habeas corpus.

(7) On October 6, 2003, defendant filed this omnibus pretrial motion containing a motion to dismiss prosecution as unconstitutionally punitive.

(8) Both parties have presented briefs and oral argument on this matter. As such, this matter is ripe for disposition.

---

2. Prior to argument on the instant motion, the two counts contained in criminal information number 2003-1339 were charged as felonies of the first degree. The charges also classified defendant as "an offender and/or a sexually violent predator." The criminal information was amended at argument on the instant motion to reflect that defendant is classified as an offender, NOT sexually violent predator, and that the offenses contained in the criminal information constitute felonies of the third degree, NOT felonies of the first degree.

## DISCUSSION

On or about April 19, 2000, the Commonwealth filed criminal information 2000-506 charging defendant with corruption of minors, 18 Pa.C.S. 6301, and indecent assault, 18 Pa.C.S. 3126(a)(7). Defendant pled guilty to both charges and was subsequently sentenced in August 2000 to a term of incarceration at the Centre County Prison for the corruptions of minors charge, and to a five-year period of probation for the indecent assault charge. Pursuant to 42 Pa.C.S. §9795.1(a)(1), individuals convicted of 18 Pa.C.S. §3126 "shall be required to register with the Pennsylvania State Police for a period of 10 years." Since defendant pled guilty to the charge of indecent assault, defendant is subject to the 10-year reporting requirement of section 9795.1 (a)(1). As such, pursuant 42 Pa.C.S. §9795.2(a)(2)(i), registration procedures and applicability, which states, "Offenders and sexually violent predators shall inform the Pennsylvania State Police within 10 days of . . . any change of residence or establishment of an additional residence or residences," defendant was required to notify the state police within 10 days of any address change.

Defendant failed to provide the state police with the required notification within the required time period, and thus was subject to the penalty provisions of section 9795.2(d)(1). That section provides, "An individual subject to registration under section 9795.1(a) who fails to register with the Pennsylvania State Police as required in this section commits a felony of the third degree. 42 Pa.C.S. §9795.2(d)(1). It is this penalty provision defendant challenges in the instant motion. Defendant sub-

mits that this penalty provision is constitutionally infirm, and that therefore the court should dismiss the Commonwealth's prosecution for defendant's violation of section 9795.2(a)(2)(i) as unconstitutionally punitive. Based on the guidance provided by the recently decided Pennsylvania Supreme Court case, *Commonwealth v. Williams,* 574 Pa. 487, 832 A.2d 962 (2003), this court agrees.

Before addressing *Williams* and its application to the penalty provision at issue in defendant's motion, the court must first dispose of the Commonwealth's argument pertaining to the timeliness of defendant's motion. Defendant signed a waiver of court arraignment on July 28, 2003. Pennsylvania Rule of Criminal Procedure 579 provides:

"Except as otherwise provided in these rules, the omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown."

Pursuant to Rule 579, defendant should have filed his omnibus pretrial motion by August 28, 2003. However, defendant did not file the instant motion until October 6, 2003. It is the Commonwealth's contention that no explanation for defendant's timeliness is apparent, and that defendant's arguments could have been addressed in a timely-filed omnibus motion. The Commonwealth therefore suggests that this court apply the deadline set by Rule 579.

This court declines to follow the Commonwealth's suggestion. Rule 579 states that an omnibus pretrial motion be filed within 30 days after arraignment, "unless the defendant or defense attorney . . . was not aware of the grounds for the motion." Pa.R.Crim.P. 579. In his motion to dismiss prosecution as unconstitutionally infirm, defendant relies on the *Williams* decision issued by the Pennsylvania Supreme Court on September 25, 2003. The Commonwealth argues that the *Williams* decision contains nothing to suggest that the instant motion could not have been filed in a timely manner. The *Williams* court held the penalty clause, 42 Pa.C.S. §9795.2(d)(2), applicable to sexually violent predators, to be unconstitutional, but specifically declined to address the constitutionality of section 9795.2 (d)(1), the penalty provision applicable to defendant, as it was not being challenged in that case. The court, nevertheless, finds the discussion in *Williams* pertaining to the unconstitutionality of section 9795.2(d)(2) to be applicable to the case at bar. Thus, because grounds for defendant's argument that section 9795.2(d)(2) were contained in the *Williams* decision, defendant was unable to file the instant motion prior to September 25, 2003. Thereafter, less than two weeks after the decision was issued, defendant filed the instant motion. The court deems the instant motion, as it relates to the constitutional infirmity of section 9795.2(d)(2), timely under the exception to Rule 579. However, the court declines to address defendant's arguments that the registration provisions of Megan's Law II violate the bill of attainder, ex post facto, and cruel and unusual punishment provisions of the United States and Pennsylvania Constitutions.

The United States Supreme Court has clarified that any judicial finding which results in punishment beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. See *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed. 435 (2000). The sexually violent predator provisions of registration of Sexual Offenders Act (Megan's Law II) were challenged in *Williams* as constituting unconstitutional criminal punishment. The *Williams* court held that the registration, notification, and counseling requirements of Megan's Law II were non-punitive, but that the penalties imposed under Megan's Law II for failure of individuals deemed sexually violent predators to register and verify their residences were unconstitutionally punitive, but severable. *Williams*, 574 Pa. 487, 832 A.2d at 964, 985-86.

Any judicial finding which results in punishment beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. See *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed. 435 (2000). In determining whether the registration, notification, and counseling provisions of the Act applicable to sexually violent predators constituted criminal punishment the *Williams* court applied the two-prong test utilized by the United States Supreme Court when disposing of claims that otherwise civil or remedial legislative measures should be deemed penal for constitutional purposes. *Williams*, 574 Pa. 487, 832 A.2d at 971. Application of the Supreme Court's two-prong test first requires an inquiry whether the legislature's intent was to impose punishment. *Id.* If the legislature did not intend to impose punishment, a court must inquire as to

whether the statutory scheme is nonetheless so punitive either in purpose or effect as to negate the legislature's non-punitive intent. *Id.* To make the latter determination, the Supreme Court has used a multi-factored balancing analysis involving the *"Mendoza-Martinez* factors."[3]

Upon application of the first prong of the above test, the *Williams* court concluded the General Assembly's intent in enacting Megan's Law II was not to punish, but to promote public safety through a civil, regulatory scheme. Upon finding that the General Assembly intended the law to be civil and remedial rather than punitive, the *Williams* court examined the *Mendoza-Martinez* factors and noted that, while "neither exhaustive nor dispositive," the list of factors has proved helpful in considering whether a civil, remedial mechanism "nevertheless provide[s] for sanctions so punitive as to transform what was clearly intended as a civil remedy into a criminal penalty." *Williams,* 574 Pa. 487, 832 A.2d at 972, citing *United States v. Ward,* 448 U.S. at 249, 100 S.Ct. at 2641; *Smith,* 538 U.S. at 249, 123 S.Ct. at 1147; *Commonwealth v. McGee,* 560 Pa. 324, 329, 744 A.2d 754, 757 (2000) (stating that the *Mendoza-Martinez* factors are "useful guideposts" in determining whether prison disciplinary confinement constitutes criminal punishment); *Commonwealth v. Wingait Farms,* 547 Pa. 332, 340-41, 690 A.2d 222, 226 (1997) (applying *Mendoza-Martinez* factors in deeming civil forfeitures non-punitive). The *Mendoza-Martinez* factors are as follows: (1) Whether the sanction involves an affirmative

---

3. The *Mendoza-Martinez* factors were enumerated in *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963).

disability or restraint; (2) whether it has historically been regarded as punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment—retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether the alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned. *Mendoza-Martinez,* 372 U.S. at 168-69.

Despite its conclusion that the registration, notification, and counseling provisions, were not unconstitutionally punitive, the court found the penalty provisions applicable to sexually violent predators (classifying violations as felonies of the first degree and subjecting violators to mandatory minimum sentence of probation for the remainder of the individual's lifetime or a period of incarceration of up to the individual's lifetime[4]) were constitutionally infirm. The *Williams* court stated that:

"While it is understandable that the General Assembly would wish to provide a means of enforcing its registration and address verification scheme, the method it has chosen involves recognized punitive measures (incarceration and probation) that carry a possible lifetime term. As such measures are manifestly in excess of what is needed to ensure compliance, they must be considered punitive, and thus, unconstitutional insofar as they purport to apply to 'individuals subject to registration under section 9795.1(b)[ ](3),' that is, sexually violent

---

4. 42 Pa.C.S. §9795.2(d)(2).

predators." *Williams,* 574 Pa. 487, 832 A.2d at 985. (footnote omitted)

The *Williams* court dismissed the attorney general's argument that sexually violent predator status alone could not lead to a sentence of probation or imprisonment, but that conviction of an independent substantive offense is required—namely failure to comply with the lifetime registration requirement and such conviction could only follow a criminal proceeding where the full panoply of due process protections was afforded. *Id.,* 832 A.2d at 986. The court's stated reason for dismissing the argument was the fact that the new substantive offense proceeded directly from the Act's enforcement provisions, and that, furthermore, conviction would be a fairly trivial matter. *Id.*

Although *Williams* specifically declines to address the constitutionality of the penalty provision applicable to defendant in this case, 42 Pa.C.S. §9795(d)(1), it is the court's opinion that the decision is applicable to the case at bar. Defendant submits that it would defy credulity to suggest that relatively minor sex offenders could be prosecuted for failing to register an address where sexually violent predators could not be prosecuted for the same conduct. The court agrees with the thrust of defendant's argument.[5]

In the case of the sexually violent predator, "[T]he acts penalty provisions provide an enforcement mechanism for the registration and verification mandates by erecting an enormous disincentive for failing to comply."

---

5. While certain sex offenses are more egregious than others, the court does not believe that any sexual offense is minor.

*Williams,* 574 Pa. 487, 832 A.2d at 986. The penalty provision applicable to the case at bar also provides an enforcement mechanism, with a disincentive for noncompliance. Although the disincentive for noncompliance is admittedly smaller (the Commonwealth has stated that sentencing would proceed as in any other criminal case) than in the case of the sexually violent predator, the disincentive is a criminal penalty nonetheless. As with the case of the sexually violent predator, the substantive offense for which conviction would subject defendant to a criminal penalty, proceeds directly from the Megan's Law II enforcement provisions, and, as in *Williams,* conviction would be a trivial matter.

Although the penalty provisions were enacted to enforce remedial legislation, they constitute criminal punishment as they subject an offender to increased incarceration, a recognized punitive measure. See *Herbert v. Billy,* 160 F.3d 1131, 1137 (6th Cir. 1998) (An affirmative disability or restraint is "some sanction approaching the infamous punishment of imprisonment."); *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (Increased incarceration constitutes punishment). Conviction of a charge classified as a felony of the third degree seems to be in excess of what is needed to ensure compliance with the registration and notification procedures applicable to defendant in this case.

### ORDER

And now, December 31, 2003, upon consideration of the defendant's omnibus pretrial motion in the form of a motion to dismiss prosecution as constitutionally infirm, said motion is hereby granted.